IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETHANY CALDERON,
*Individually and as Personal Representative*
*Of the estate of Sebastian Calderon*,

      Plaintiff,

      v.                                      Case No. 1:20-cv-00066 KWR/JFR

TIMOTHY WADE, and
USAA CASUALTY INSURANCE COMPANY,

      Defendants.

## **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand to State Court (hereinafter, the "Motion"), filed February 21, 2020 **(Doc. 10)**.   Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion is well taken and, therefore, is **GRANTED**.

## BACKGROUND

Plaintiff filed this case in Second Judicial District Court, Bernalillo County, New Mexico on January 25, 2018, asserting state law claims against Timothy Wade.  Defendant Wade is a resident of New Mexico, as is Plaintiff.

Plaintiff filed a motion to amend complaint on August 7, 2019 to add bad faith and spoliation claims against Defendant USAA.  The state court granted the motion, and Plaintiff filed her amended complaint on December 18, 2019.  Defendants removed this case to this Court on January 22, 2020, asking that the Court sever the claims against Defendant wade, and remand Plaintiff's claims against Defendant Wade back to state court.  Plaintiff filed this motion to

remand on February 21, 2020. The motion was fully briefed on April 17, 2020 and is ready for decision.

## DISCUSSION

Defendants removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446. Diversity jurisdiction requires diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Jurisdiction is determined at the time of removal.

It is undisputed that at the time of removal complete diversity was lacking. Both Plaintiff and Defendant Wade are residents of New Mexico, while USAA is diverse. However, Defendants argue diversity jurisdiction exists on the basis of procedural misjoinder. Specifically, Defendants argue that USAA never should been joined in this case. The Court finds that argument not well-taken, and therefore concludes that it lacks diversity jurisdiction.

**I.     Removal and Remand Standards.**

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.,* 251 F.3d 1283, 1290 (10th Cir. 2001). Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. However, fraudulent joinder is an exception to the requirement of complete diversity. *Black Iron, LLC v. Helm-Pacific*, 2017 WL 2623846, at *4 (D.Utah, 2017).

The joinder of a non-diverse party is "fraudulent" when it serves no purpose other than "to frustrate federal jurisdiction." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a non-diverse party fraudulently to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991). The citizenship of fraudulently joined defendants "should be ignored for the purposes of assessing complete diversity." *See Dutcher v. Matheson*, 733 F.3d 980, 987-988 (10th Cir. 2013).

The Tenth Circuit has stated that fraudulent joinder must be "established with complete certainty upon undisputed evidence." *Smoot v. Chicago, Rock Island & Pacific Railroad Co.*, 378 F.2d 879 (10th Cir.1967). In evaluating a claim of fraudulent joinder, "all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). In other words, the removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *See Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). This is a high bar for Defendants to meet, and poses a standard "more exacting than that for dismissing a claim under Fed.R..Civ.P. 12(b)(6)" and "which entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indemnity,* 2000 WL 525592 at \*\*1-2 (10th Cir. 2000).[1]

The party defending removal may carry this "heavy burden" and successfully assert fraudulent joinder by demonstrating either: (1) actual fraud in the pleading of jurisdictional facts,

---

[1] Many district courts within the Tenth Circuit have referred to the standard for fraudulent joinder as requiring clear and convincing evidence. *See Bristow First Assembly of God v. BP p.l.c.*, No. 15-CV-523-TCK-FHM, 2016 WL 5415792, at \*2 n.1 (N.D. Okla. Sept. 28, 2016) (finding "no significant difference between the 'complete certainty' language in *Smoot* and the 'clear and convincing' language in other cases); *Spence v. Flynt*, 647 F.Supp. 1266, 1271 (D. Wyo.1986); *Castens v. Conseco Life Ins. Co.*, No. 11–CV–628–TCK, 2012 WL 610001, at \*2 (N.D. Okla. Feb. 24, 2012); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1163 (D.N.M. 2015).

or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013); *Black Iron, LLC v. Helm-Pacific*, 2017 WL 2623846, at *4 (D.Utah, 2017); *see also Montano v. Allstate,* 2000 WL 525592 at **1-2 (to prove fraudulent joinder, the removing party must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court).  Defendants assert a different theory, procedural misjoinder.  The Tenth Circuit has not addressed this doctrine.  However, the Court considers the above law partially instructive.

**II.     Analysis.**

    **A.     Court Lacks Diversity Jurisdiction**

On their face, the amended complaint and removal notice demonstrate a lack complete diversity, and therefore it appears the Court lacks diversity jurisdiction.  Defendants, however, assert that there is a procedural misjoinder of USAA in this case.

Procedural "misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine,* 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006), *quoted in Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (declining to adopt or reject procedural misjoinder doctrine). The Tenth Circuit has not yet adopted this doctrine.  *Id.*

Removal statutes are to be strictly construed, and all doubts are to be resolved against removal.  *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).  Here, the Court is not prepared to adopt the procedural misjoinder theory to stitch together its own jurisdiction.  *Halliburton v. Johnson & Johnson*, 983 F. Supp. 2d 1355, 1359–60 (W.D. Okla. 2013) (declining to adopt procedural misjoinder doctrine without Tenth Circuit guidance and reasoning "If

plaintiffs' claims are in fact improperly joined under Oklahoma law, the proper course of conduct for defendants would have been to file a motion to sever in state court and then remove the diverse claims, if any. For this court to rule on joinder issues before determining whether it has subject matter jurisdiction puts the cart before the horse"), *aff'd sub nom. Parson v. Johnson & Johnson*, 749 F.3d 879 (10th Cir. 2014) ("declining to "exercise jurisdiction over the diversity jurisdiction issue here," which "would require us to determine whether to recognize the doctrine of fraudulent misjoinder4 of plaintiffs to circumvent diversity jurisdiction, a rule that the defendants admit has not yet been adopted within this circuit"); *Lafalier v. State Farm Fire & Cas. Co.*, No. 10–5082, 391 Fed.App'x 732, 739-40 (10th Cir. Aug. 19, 2010) (unpublished) (affirming remand; holding that district court did not err in declining to apply "procedural misjoinder" doctrine without deciding whether to adopt the doctrine); *Aclin v. PD-RX Pharm. Inc.*, 189 F.Supp.3d 1294, 1298 (W.D. Okla. 2016) (noting that "the Tenth Circuit has twice declined to adopt or reject" the doctrine of fraudulent/procedural misjoinder and that "courts who have adopted the doctrine have not applied it uniformly"). Because there was a lack of complete diversity as of the date of removal, the Court lacks diversity jurisdiction over this matter.

Even if the Court were to consider the procedural misjoinder theory, the Court concludes that Defendants have not shown with complete certainty procedural misjoinder. Plaintiffs assert a bad faith failure to settle claim and a spoliation claim against USAA. Defendants assert that *Hovet* bars Plaintiff from joining a bad faith failure to settle claim against an insurer in the underlying action. *Hovet v. Allstate Ins. Co*., 89 P.3d 69 (N.M. 2004).

Plaintiff argues that *Hovet* does not bar the bad faith claim against the insurer being brought in the underlying action because the insurer has admitted liability. It appears the New Mexico Supreme Court has not addressed this precise issue. The Court should not wade into complicated

5

issues of state law in ruling on a fraudulent or procedural joinder claim. *Bailey v. Markham*, No. CIV 19-0519 JB\GBW, 2020 WL 1324477 (D.N.M. Mar. 20, 2020) (this undecided question that would involve an intricate analysis of state law is better left to state court), *citing Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at *2 (10th Cir. 2000). Therefore, the Court cannot say with complete certainty that Plaintiff cannot join USAA in this action.

Moreover, it is unclear whether New Mexico law bars bringing a spoliation claim along with the underlying claim. *Torres v. El Paso Elec. Co.*, 1999-NMSC-029, ¶46, 127 N.M. 729, 747, 987 P.2d 386, 404, *overruled on other grounds by Herrera v. Quality Pontiac*, 2003-NMSC-018, 134 N.M. 43, 73 P.3d 181 (noting the difficulty "for plaintiffs pursuing an action for spoliation simultaneously with their underlying claim to establish the elements of causation and damage" at the directed verdict stage, but holding nevertheless that "spoliation, at least spoliation that is discovered prior to trial, should be tried in conjunction with the underlying claim rather than in a bifurcated or separate trial").

### B.     Removal prohibited after one year.

Alternatively, even if the Court had diversity jurisdiction, the Court concludes that removal is procedurally barred. Generally, a case may not be removed on the basis of diversity jurisdiction more than one year after the commencement of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C.A. § 1446(c)(1).

Here, this case was filed in state court on January 25, 2018. It was not removed until January 22, 2020. Section 1446(c)(1) operates to bar removal here. *Aguayo v. AMCO Ins. Co.*, 59 F.Supp.3d 1225, 1283 (D.N.M. 2014); *see also Mach v. Triple D Supply, LLC*, 773 F.Supp.2d 1018, 1048-49 (D.N.M. 2011); *see also Williams v. EAN Holdings, LLC*, No. 19CV4552, 2020

WL 1685359, at *2–3 (E.D.N.Y. Apr. 7, 2020) (unpublished) (remanding case in which removal notice was filed over 15 months after the original complaint).

Defendants argue that the "obvious" misjoinder and the timing of the misjoinder demonstrate Plaintiff's bad faith.  The Court notes that neither party cited to Tenth Circuit law on what constitutes bad faith under these circumstances.  The Court cannot say that the misjoinder is obvious or the timing suspect.  Plaintiff actively litigated the case in state court.  A declaratory judgment was entered against USAA by this Court in a separate case.  Whether USAA can be joined in this case is an arguable matter of state law and should not be decided now by a federal court without clear jurisdiction.  Therefore, the Court concludes that Defendants have not shown bad faith and the one-year limitation bars removal.

### III.    Costs and Fees.

Plaintiff asks for her attorney fees and costs incurred in seeking remand. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." While an award of fees is within the discretion of the Court, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). Considering the totality of the circumstances, the Court concludes that Defendants had an objectively reasonable basis for removal, and an award of attorney fees and costs to Plaintiff is not justified.

### CONCLUSION

Because there was a lack of complete diversity at the time of removal, this Court lacks diversity jurisdiction. § 1447(c). Alternatively, the Court also concludes that removal was

procedurally defective because it was filed more than one year after the commencement of the case.  § 1446(c)(2).  Therefore, the Court grants Plaintiff's Motion to Remand.

      **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Doc. 10)** is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order;

      **IT IS FURTHER ORDERED** that this action is **REMANDED** to the Second Judicial District Court, Bernalillo County, State of New Mexico.  The Clerk of Court is hereby directed to take the necessary actions to remand the case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE